IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DERRICK MARCEL JONES,<br>AIS # 235104,<br><br>    Petitioner,<br><br>v.<br><br>PATRICE RICHIE JONES, et al.,<br><br>    Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 2:21cv43-WHA-SMD<br>)             (WO)<br>)<br>)<br>) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Alabama inmate Derrick Marcel Jones is before the Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 by which he challenges his 2012 Montgomery County convictions for intentional murder, reckless murder, and discharging a firearm into an occupied vehicle. Doc. 1.[1] For the reasons discussed below, the Court recommends that Jones's petition be dismissed as time-barred. *See* 28 U.S.C. § 2244(d)(1)(A).

**I.  BACKGROUND**

    **A.  State Court Proceedings**

On February 13, 2012, Jones pled guilty in the Montgomery County Circuit Court to intentional murder, in violation of ALA. CODE § 13A-6-2(a)(1); reckless murder, in violation of ALA. CODE § 13A-6-2(a)(2); and discharging a firearm into an occupied vehicle, in violation of ALA. CODE § 13A-11-61(b). Doc. 11-7. On March 14, 2012, the

---

[1] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

trial court sentenced Jones as a habitual felony offender to concurrent terms of 25 years' imprisonment for each conviction. Doc. 11-9.

On March 27, 2012, Jones filed a motion requesting that the trial court reconsider his sentence. Doc. 11-11. With no express disposition by the trial court, Jones's motion to reconsider his sentence was denied by operation of law on May 14, 2012—the first business day falling 60 days after the March 14, 2012 pronouncement of his sentence.[2] Jones did not take a direct appeal, and he filed no state postconviction petitions for collateral review.

B. Jones's § 2254 Petition

On December 31, 2020, Jones initiated this federal habeas action in a pro se petition under 28 U.S.C. § 2254.[3] In his petition, Jones claims that: (1) his sentences are illegal because he was not "re-indicted" for the lesser-included murder counts he pled guilty to;[4]

---

[2] *See Lee v. State,* 74 So. 3d 101, 103 (Ala. Crim. App. 2011) ("pursuant to Rule 24, Ala. R. Crim. P., a defendant may request, and the trial court may order, a modification of his sentence only within 30 days after sentencing.") (citation omitted); Ala. R. Crim. P. 24.4 (providing that the trial court's failure to rule on a timely filed post-judgment motion renders it denied "as of the sixtieth day[ ]" from the pronouncement of sentence.).

[3] This Court applies the "prison mailbox rule" to determine the filing date of Jones's petition. Under that rule, a pro se petition is deemed to be filed on the date a prisoner delivers it to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). In his petition, Jones purported to seek habeas corpus relief under ALA. CODE §§ 15-21-1 through 15-21-6(b). *See* Doc. 1 at 1–2. The Court entered an order in compliance with *Castro v. United States*, 540 U.S. 375, 382–83 (2003), cautioning Jones that his petition would be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and, as such, would be subject to the procedural limitations for § 2254 petitions, including the one-year federal statute of limitations and the successive-petition bar applicable to § 2254 petitions. Doc. 5. The Court also directed Jones to submit any amendments to his petition to include any claims he wished to assert under § 2254 and gave him the option of withdrawing his petition of he so chose. *Id*. Jones filed nothing in response to the Court's order.

[4] Count 1 of the indictment charged Jones with capital murder under ALA. CODE § 13A-5-40(a)(10) for murdering two people pursuant to a single course of conduct. Doc. 11-2. The trial court granted the State's motion to amend the capital-murder charge to allege charges of intentional murder and reckless murder, the charges to which Jones then pled guilty. Doc. 11-9 at 1.

(2) he was convicted and sentenced while incompetent; (3) his convictions violate the Double Jeopardy Clause of the U.S. Constitution; and (4) his defense attorneys were unlawfully appointed without the trial's court's first finding he was indigent. Doc. 1 at 1–10.

Respondents argue that Jones's § 2254 petition is time-barred. Doc. No. 11 at 6–12. The Court agrees and recommends that the petition be DENIED without an evidentiary hearing and DISMISSED with prejudice.

## II.     DISCUSSION

### A.     AEDPA's One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitation for filing federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

  **B.**  **Computation of Timeliness of Jones's Petition**

  In most cases, a § 2254 petition must be filed within a year after the date on which the state court's judgment of conviction becomes final, either by the conclusion of direct review or the expiration of time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Here, the final day upon which Jones could have filed a notice of appeal on direct review was June 25, 2012, i.e., 42 days after the May 14, 2012 denial by operation of law of his motion to reconsider his sentence filed with the trial court.[5] *See* Ala. R. Crim. P. 24.4; Ala. R. Crim. P. 4(b)(1). Because Jones took no direct appeal, his judgment of conviction became final, and AEDPA's one-year statute of limitations began to run, on June 25, 2012. *See Bridges v. Johnson*, 284 F. 3d 1201, 1202 (11th Cir. 2002) (for purposes of determining the AEDPA one-year limitation period, the defendant's convictions became final on the date that his right to appeal expired, where he did not seek a direct appeal from those convictions). Absent some tolling event,

---

[5] Under Alabama law, the timely filing of a proper motion to reconsider sentence tolls the time for filing a notice of appeal, and once such a motion is disposed of (including by operation of law), the 42-day period within which a party can file a notice of appeal begins to run. *See Ex parte Hitt*, 778 So.2d 159, 161–62 (Ala. 2000); *Ex parte Holderfield*, 255 So. 3d 743, 744–45 (Ala. 2016); Ala. R. Crim. P 24.1.; Ala. R. App. P. 4(b)(1).

4

whether statutory or equitable, Jones had one year, or until June 25, 2013, to file his § 2254 petition.

### 1. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Jones filed no state postconviction petitions—e.g., a petition under Rule 32 of the Alabama Rules of Criminal Procedure—challenging his convictions and sentence. Therefore, he does not benefit from tolling under § 2244(d)(2).

Jones also sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C); or (D); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the factual predicate for any of his claims could not have been discovered earlier through the exercise of due diligence.

For Jones, the AEDPA statute of limitations under § 2244(d)(1)(A) expired on June 25, 2013. He filed his § 2254 petition on December 31, 2020—over seven years after the limitations period expired.

Jones argues that his § 2254 petition isn't subject to AEPDA's statute of limitations because, he says, his claims implicate the state trial court's jurisdiction. Doc. 1 at 4–13. Jones's argument lacks merit. There is no exception to AEDPA's limitations period in

5

§ 2244(d) for claims alleging lack of jurisdiction by the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. Sept. 24, 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. July 10, 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Casey v. Forniss*, 2017 WL 6887095, at *4 (M.D. Ala. Dec. 14, 2017) (same). Jones's claims are not exempt from application of AEDPA's statute of limitations.[6]

### 2. Equitable Tolling

The AEDPA statute of limitations can be tolled on an equitable basis when a petitioner demonstrates he submitted an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587

---

[6] Jones's petition includes the conclusory claim that he was convicted and sentenced while incompetent. Substantive competency claims are, like other claims, subject to being time-barred under AEDPA's statute of limitations. *Sanders v. Forniss*, 2018 WL 3420803, at *1 (M.D. Ala. Jul. 13, 2018) (citing *Lawrence v. Florida*, 421 F.3d 1221, 1225–27 (11th Cir. 2005)).

F.3d 1304, 1308 (11th Cir. 2009). Here, Jones makes no argument that he is entitled to equitable tolling, and the Court knows of no reason that would support tolling of the limitations period in his case. As such, Jones's § 2254 petition is time-barred under AEDPA.

      C.    **Actual Innocence**

The AEDPA statute of limitations can be overcome by a credible showing of actual innocence. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The standard exacted by the Supreme Court in *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623–24 (1998). In *Schlup*, the Supreme Court stated:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Jones asserts actual innocence as a gateway to review of the claims in his time-barred § 2254 petition. Doc. 1 at 8–12. However, he presents no argument explaining why he is actually innocent, and he points to no evidence, much less "new reliable evidence,"

7

to support a claim he was factually innocent of the offenses for which he was convicted. He merely asserts that the State did not present sufficient evidence of his guilt. That assertion is grossly insufficient to sustain a claim of actual innocence. *See Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rutledge v. Neilsen*, 2012 WL 3778987, at *7 (M.D. Ala. Jul. 30, 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence). Because he points to no new reliable evidence to support a claim of actual innocence, he fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*. Therefore, the claims in his time-barred § 2254 petition are not subject to federal habeas review.

### III.  CONCLUSION

It is the RECOMMENDATION of the undersigned Magistrate Judge that Jones's 28 U.S.C. § 2254 petition be DENIED as time-barred and that this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation by **February 10, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and

factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of January, 2023.

/s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF UNITED STATES MAGISTRATE JUDGE